# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>INSYS THERAPEUTICS, INC., *et al.*,<br><br>Liquidating Debtors.[1] | Chapter 11 Cases<br><br>Case No. 19-11292 (JTD)<br><br>(Jointly Administered) |
| INSYS LIQUIDATION TRUST, by and through WILLIAM HENRICH, as LIQUIDATING TRUSTEE,<br><br>Plaintiff,<br><br>– against –<br><br>STOTLE, INC.,<br><br>Defendant. | Adversary No. 21-50185 (JTD) |

### DECLARATION OF COUNSEL IN SUPPORT OF
### PLAINTIFF'S REQUEST FOR ENTRY OF DEFAULT

Pursuant to 28 U.S. Code § 1746, I, Marc J. Phillips, declare as follows:

1.  I am an attorney admitted to practice in the State of Delaware and before this Court, and I am a partner with the firm of Montgomery McCracken Walker & Rhoads LLP, counsel for Insys Liquidation Trust, by and through William Henrich, as Liquidating Trustee. I am familiar with the facts and pleadings in this matter. I am not a party to, nor interested in, the outcome of this lawsuit.

---

[1] The Liquidating Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Insys Therapeutics, Inc. (7886); IC Operations, LLC (9659), Insys Development Company, Inc. (3020); Insys Manufacturing, LLC (0789); Insys Pharma, Inc. (9410); IPSC, LLC (6577); and IPT 355, LLC (0155).

2. I submit this declaration in support of Plaintiff's Request for Entry of Default against defendant, Stotle, Inc. ("Defendant"), pursuant to Fed. R. Civ. P. 55(b)(l), made applicable by Fed. R. Bankr. P. 7055, and Local Rule 7055-1.

3. On or about February 24, 2021, Plaintiff filed a Complaint against Defendant (the "Complaint") [Adv. Pro. Dkt No. 1] seeking to (a) avoid and recover, pursuant to 11 U.S.C. §§ 547, 548, 549 and/or 550, certain preferential transfers made to Defendant in the sum certain of $21,000.00, together with court costs, plus interest at the legal rate from the date of such transfers; and (b) object to Defendant's claims. In accordance with the Complaint, Plaintiff shall have, receive and recover of and from Defendant the sum of $21,000.00, plus court costs of $350.00, plus interest on the sum of $21,000.00 at the legal rate until the date of entry of the judgment, and Defendant's claims shall be disallowed in their entirety.

4. A Summons in An Adversary Proceeding (the "Summons") [Adv. Pro. Dkt No. 2] was issued on February 24, 2021.

5. The Summons required the Defendant to submit a motion or answer to complaint to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of the Summons.

6. The Summons and Complaint were served by Montgomery McCracken Walker & Rhoads, LLP on Defendant on February 24, 2021, by prepaid, first-class mail, in accordance with Fed. R. Bankr. P. 7004(b)(3), Fed. R. Civ. P. 4(c) and (h) and Local Rule 7004-1, at the following addresses:

    (a)    Attn: Officer, Managing or General Agent
           Stotle, Inc.
           1313 Laurel Street, Suite 109
           San Carlos, CA 94070

7. A Certificate of Service of the Summons and Complaint was filed with the Court on February 24, 2021 [Adv. Pro. Dkt No. 2]. See Exhibit A – Certificate of Service of Summons and Complaint.

8. Defendant failed to answer or otherwise defend within the time required by the Summons, Fed. R. Civ. P. 12, made applicable by Fed. R. Bankr. P. 7012, and is in default. The Summons and Complaint sent to Defendant via postage-paid, first-class mail at the following addresses:

    (a) Attn: Officer, Managing or General Agent
          Stotle, Inc.
          1313 Laurel Street, Suite 109
          San Carlos, CA 94070

have not been returned to my firm by the United States Postal Service, nor have I received any other notification from the United States Postal Service that Defendant was not served at these addresses.

9. An Alias Summons and Notice of Pretrial Conference in an Adversary Proceeding (the "Alias Summons") [Adv. Pro. Dkt No. 9] was issued on April 6, 2021.

10. The Alias Summons required the Defendant to submit a motion or answer to complaint to the Clerk of the Bankruptcy Court within 30 days from the date of issuance of the Summons.

11. The Alias Summons and Complaint were served by Montgomery McCracken Walker & Rhoads, LLP on Defendant on April 6, 2021, by prepaid, first-class mail, in accordance with Fed. R. Bankr. P. 7004(b)(3), Fed. R. Civ. P. 4(c) and (h) and Local Rule 7004-1, at the following addresses:

    (a) Stotle, Inc.
          Attn: Prasath Chandrasekaran, Chief Executive Officer
          90 Kenton Avenue
          San Carlos, CA 94070

      (b)    Stotle, Inc.
              Attn: Ranjit Valasa, Secretary and Chief Financial Officer
              4771 Paseo Padre Pkwy
              Fremont, CA 94555

12.    A Certificate of Service of the Alias Summons and Complaint was filed with the Court on April 6, 2021 [Adv. Pro. Dkt No. 9-1].  See Exhibit B – Certificate of Service of Alias Summons and Complaint.

13.    Defendant failed to answer or otherwise defend within the time required by the Summons, Fed. R. Civ. P. 12, made applicable by Fed. R. Bankr. P. 7012, and is in default.  The Alias Summons and Complaint sent to Defendant via postage-paid, first-class mail at the following addresses:

      (a)    Stotle, Inc.
              Attn: Prasath Chandrasekaran, Chief Executive Officer
              90 Kenton Avenue
              San Carlos, CA 94070

      (b)    Stotle, Inc.
              Attn: Ranjit Valasa, Secretary and Chief Financial Officer
              4771 Paseo Padre Pkwy
              Fremont, CA 94555

have not been returned to my firm by the United States Postal Service, nor have I received any other notification from the United States Postal Service that Defendant was not served at these addresses.

14.    Defendant is not a juvenile, incompetent, or in the military.

15.    The requirements of the Service Members Civil Relief Act (50 U.S.C. App.§ 501, et seq.) are not applicable to this proceeding as Defendant is not an individual.

16.    Plaintiff requests that the Clerk of Court enter default against Defendant.  Pursuant to Local Rule 7055-1, copies of the (i) Plaintiff's Request for Entry of Default, (ii) Declaration in

Support of Plaintiff's Request for Entry of Default, and (iii) proposed Entry of Default are being served upon Defendant simultaneously with their filing with the Court.

Dated: May 20, 2021

/s/ *Marc J. Phillips*
Marc J. Phillips (No. 4445)